IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02349–RPM–KMT

LAURA SWANSON,

    Plaintiff,

v.

COSTELLO CUMMINGS RECOVERY LLC, and
DOES 1-10, inclusive,

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Notice of Motion to Enforce the Settlement Agreement" (Doc. No. 11, filed January 18, 2013).

This case was voluntarily dismissed by Plaintiff, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), before the defendant entered an appearance or filed an answer or motion for summary judgment.  (*See* Doc. No. 9.)  A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (stating that under Rule 41(a)(1)(A)(i), a "voluntary dismissal is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required") (internal quotation marks omitted); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (stating "an unconditional

dismissal terminates federal jurisdiction except for the limited purpose or reopening and setting aside the judgment of dismissal within the scope allowed by Fed. R. Civ. P. 60(b).") (citations omitted).[1]

Therefore, because this Court does not have jurisdiction over this case, it is

**ORDERED** that "Plaintiff's Notice of Motion to Enforce the Settlement Agreement" (Doc. No. 11) is DENIED.

Dated this 22nd day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] *Janssen* and *Smith* both cite to Rule 41(a)(1)(A)(i) or (ii) rather than 41(a)(1)(A)(i) or (ii) because they predate the restyling of the Civil Rules in 2007 that resulted in the creation of subparagraph (A). *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1212 n.2 (10th Cir. 2010).